FILED
07 JAN 12 AM 9:10
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Criminal Case No. 06-MJ-2319-POR |
|---|---|
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| ULISES GONZALEZ-ORTIZ, | |
| Defendant. | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), the Court conducted a detention hearing on December 21, 2006 and another hearing on January 4, 2007 to determine whether Defendant Ulises Gonzalez-Ortiz should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Peter J. Mazza appeared on behalf of the United States. Attorney Frank Morell appeared at Defendant's first hearing and Attorney Ray Estolano specially appeared on behalf of Defendant at the second hearing.

Based on the evidence proffered by the United States and Defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

////

////

////

## I.

## FINDINGS OF FACT

**A.** **Nature and Circumstances of the Offense Charged (18 U.S.C.§ 3142(g)(1))**

1. Defendant is charged in Criminal Complaint No. 06MJ2319 with the importation of approximately 16.15 kilograms of cocaine in violation of 21 U.S.C. §§ 952 and 960.

2. If convicted of this charge, Defendant faces a minimum sentence of ten years and a maximum sentence of life imprisonment pursuant to 21 U.S.C. § 960(b)(2).

3. Because the possible maximum sentence is greater than 10 years, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant. *See* 18 U.S.C. § 3142(e).

**B.** **Weight of the Evidence Against the Defendant (18 U.S.C.§ 3142(g)(2))**

1. On December 18, 2006, Defendant entered the United States from Mexico through the San Ysidro Port of Entry as the driver and sole occupant of a 1994 Toyota pickup truck bearing California license plates.

2. An inspection of the vehicle at Secondary revealed 15 packages of cocaine totaling approximately 16.15 kilograms in a specially built compartment in the front wall of the pickup bed.

**C.** **History and Characteristics of the Defendant (18 U.S.C.§ 3142(g)(3))**

1. Defendant is a 22-year-old United States citizen.
2. There is significant conflict as to Defendant's place of residence.
3. Defendant has significant family and personal ties to Mexico.
4. Defendant has been employed with a landscaping company in the United States for approximately six months.

////

////

## II.

## **REASONS FOR DETENTION**

A. There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint No. 06MJ2319; namely, importation of cocaine in violation of 21 U.S.C. §§ 952 and 960.

B. Although Defendant is an United States citizen, he has significant ties to Mexico. Despite the Court's efforts to clarify Defendant's actual residence through a second hearing, significant conflict remains. Defendant told Pre-Trial Services that he lives in National City, California, but at the time of his arrest, he told agents that he lives in Tijuana, Mexico. Defendant also informed agents that he was driving to work in the United States from Tijuana when he was arrested at 4:30 a.m. on December 18, 2006.

C. Regardless of Defendant's actual residence, he has significant ties to Mexico, including a place to reside.

D. While Defendant has been employed with Valley Crest Landscaping for approximately six months, his employment does not establish sufficient ties to the community because of the relatively brief period he has been employed with this company.

Accordingly, there is no condition or combination of conditions that can reasonably assure the appearance of Defendant at future court dates without detention.

////
////
////
////
////
////
////
////

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: January 8, 2007

The Honorable Louisa S. Porter
United States Magistrate Judge

Prepared by:

Peter J. Mazza
Assistant U.S. Attorney

cc: Frank Morell, Esq.